UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CR-47-TAV-MHBG-1 |
| | ) | |
| WILLIE STAR WINSTON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant's pro se Motion to Correct Clerical Error Pursuant to Federal Rule of Criminal Procedure 36 [Doc. 30].

As background, on July 30, 2013, defendant pled guilty to possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) [Docs. 17, 21]. The presentence investigation report ("PSR") indicated that defendant had pending charges in Knox County General Sessions Court, Case No. 127712G and Case No. V340081T, Jefferson County Criminal Court Case No. 11930, and Knox County Criminal Court Case Nos. 1019754–58 [PSR ¶¶ 31–33]. The PSR reflected that the charges in Knox County Criminal Court Case Nos. 1019754–58 were from the same conduct as charged in the instant federal offense [*Id.* ¶ 33].

On February 28, 2014, the Court sentenced defendant to 60 months' imprisonment [Doc. 28]. The judgment stated that this sentence "will run concurrently with any anticipated term of imprisonment in Knox County Criminal Court, Knoxville, TN case numbers 1019754–1019758 and consecutive to the undischarged term of imprisonment

imposed in the Jefferson County Criminal Court, Dandridge, TN case number 11930" [*Id.* at 2].

In his motion, defendant asserts that this language contains a clerical error, because the numbers 1019754 to 1019758 do not correspond with the Knox County cases that were pending against him, but rather, those charges were associated with case number 101105 [Doc. 30, p. 2]. Defendant contends that relief under Rule 36 is appropriate because this discrepancy was a result of clerical oversight [*Id.* at 3].

The government responds in opposition, stating that the Court only elected to run defendant's sentence concurrent with the state cases related to his federal offense, and defendant has not shown that Knox County Case Number 101105 is related to the federal offense [Doc. 33, p. 1]. The government notes that the case numbers contained in the judgment were verified by the probation officer and also referenced by defendant's attorney at sentencing [*Id.* at 4]. The government highlights that defendant has provided no paperwork to corroborate his claim that Case Number 101105 is "the correct Knox County case number corresponding to the charges that were pending against him" [*Id.*].

Rule 36 of the Federal Rules of Criminal Procedure provide that "the court may at any time correct a clerical error in a judgment . . . to correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (internal quotation marks omitted). Thus, Rule 36 applies only to clerical errors "not with mistakes or omissions by the court." *Id.*

First, defendant has not provided any support for his contention that the judgment reflects erroneous case numbers. The case numbers contained in the judgment are consistent with the case numbers set forth in the PSR as associated with the Knox County charges that were related to the instant federal offense. Absent any further evidence, the Court cannot even conclude that any error was made.

Regardless, even if the PSR and the judgment reflect the incorrect case numbers for the Knox County charges, such is not a "clerical error" of the type that can be corrected under Rule 36. Instead, assuming that such an error was made, it would be an error by the sentencing court, and therefore, not a clerical error. Accordingly, defendant's motion [Doc. 30] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE